[Civil No. 1882.   Filed June 7, 1921.]

[198 Pac. 462.]

## VERDE COMBINATION COPPER COMPANY, a Corporation, Appellant, v. EINO REITO, Appellee.

1. DISMISSAL AND NONSUIT—APPELLANT WAIVED ERROR IN REINSTATEMENT OF CASE BY APPEARING, DEMURRING AND ENTERING ON TRIAL.—Under Civil Code of 1913, paragraph 600, empowering the court to relieve against a judgment, order or proceeding within six months, where a cause was dismissed because plaintiff was not present when it was called, and the court reinstated it six months and eleven days thereafter, defendant, by not objecting, but appearing and demurring and agreeing to setting for trial, and by entering on trial, waived the error.

2. WITNESSES—WHERE HOSPITAL RECORD DID NOT REFRESH WITNESS PHYSICIAN'S MEMORY, TESTIMONY THEREFROM WAS PROPERLY EXCLUDED.—In an action for personal injuries where a physician did not remember the case or what operation was performed upon the plaintiff, and the hospital record did not refresh his memory and the record card was not properly authenticated and he did not write it or identify the writer or handwriting and he had not

looked it over the time it was made to see if it was correct, it was proper to sustain an objection to the witness' testimony.

3. DAMAGES — SIX THOUSAND DOLLARS FOR PERMANENT INJURY TO RIGHT HAND AND ARM AND SEVERING OF TENDONS HELD NOT EXCESSIVE.—Where plaintiff was right-handed, and the injury consisted of the severing of the nerves and tendons extending from the fingers along his right arm, and at the time of the trial the tendons had not knitted together, the fingers had dropped and had limited motion, the arm and hand were greatly weakened, and the injury permanent, and he lost seven or eight months' time before he could work again and suffered considerable pain, a verdict for $6,000 damages was not excessive.

4. DAMAGES—DEFENSE THAT SERVANT'S DAMAGES WOULD HAVE BEEN MUCH LESS BUT FOR VENEREAL DISEASE NOT AVAILABLE.—In a servant's action for personal injuries, an objection that plaintiff was afflicted with a venereal disease which prevented or retarded the healing processes, and but for such disease the injury would not have been so serious and his damage much lessened, is not available.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Affirmed.

Messrs. Anderson, Gale & Nilsson and Mr. R. E. Morrison, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

ROSS, C. J.—Action under Employers' Liability Law for damages for personal injury alleged to have been sustained by plaintiff-appellee, Reito, while he was working as a mucker in defendant-appellant's mine. There was a verdict and judgment for plaintiff for six thousand dollars.

The suit was commenced by filing complaint November 9, 1917. The answer, consisting of demurrers, special denials, and the plea that injury was caused

3. On excessiveness of verdicts for personal injuries other than death, see comprehensive notes in 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915E, 30.

by plaintiff's negligence, was filed December 5, 1917. October 7, 1918, on motion of defendant's counsel, according to minute entry, plaintiff making no appearance, the cause was dismissed. April 17, 1919, plaintiff moved that order of dismissal be vacated and case reinstated. This motion was argued by counsel for both parties and granted. September 29th, by agreement, the demurrers were submitted without argument. May 4, 1920, by agreement of counsel, the case was ordered set for trial, on May 19, 1920, on which date the trial was started.

Appellant assigns as error the court's order reinstating the action after it had been dismissed. It will be noted from the above statement of facts that the case was not dismissed for want of prosecution, but solely because the plaintiff was not present when it was called. The motion to dismiss was oral, and the reasons for it are not given. For six months and eleven days it remained a dismissed case, when, one day, plaintiff orally moved its reinstatement, but upon what grounds the record does not show. This latter motion was argued by both plaintiff and defendant and granted. The case thereupon became, if it had not always been, a live one if what was done was legal. Paragraph 600, Civil Code, empowers the court to relieve against, modify, or set aside a judgment, order, or proceeding within six months after entry upon good cause shown, and this, appellant asserts, settles it that the court was without power to reinstate the case after the lapse of six months from the date of the dismissal order.

It is not certain that appellant resisted the motion to reinstate. The only information we have upon that is that he argued it. After the order of reinstatement, the appellant not only did not object to the jurisdiction of the court, but appeared in the presentation of the demurrer, and later agreed to the

setting down of the case for trial on a fixed date, and on that date entered upon trial without protest. It would seem that if the court did commit error in reinstating the case, the appellant waived it by thereafter submitting to the jurisdiction of the court without further objection.

It is argued by appellee that the motion to dismiss should have been in writing, and appellee served with a copy thereof in order to have given the court jurisdiction to dismiss the case, and he cites in support thereof paragraphs 659–663, Civil Code. We do not deem it necessary to decide whether this question is legally correct or not. In the recent case of *Young Mines Co.* v. *Blackburn, ante,* p. 199, 196 Pac. 167, the same question that we have here was decided adversely to appellant's contention. If the appellant was dissatisfied with the order reinstating the case, it should have appealed from that order.

The next assignment of error is based upon the ruling of the court in rejecting certain evidence offered by appellant. It arose in this way: Dr. Kaull, the surgeon in charge of the United Verde Hospital where appellee was treated for his injuries, testified that in the files of the hospital was the record of a man by the name of Eino Reito, kept on a regular record form; that he did not know who filled it out, but it was a nurse or some person delegated to do that part of the work; that it showed that Reito was treated for or on account of the appellant, and that the witness was the surgeon who attended to the operation; that he always dictated the operative procedure, somebody else taking it down, but that he could not recall dictating this particular record, it being after a period of three years; that he knew what the record said was done to this patient, having recently read it. He stated:

"I know nothing from memory about this case. I would not have known the patient, I don't think, had I seen him on the street. The only way in which I know what was done is what it says in our record at that time three years ago. . I have no independent recollection of anything that occurred that isn't in the record."

The court sustained an objection to an offer to prove by Dr. Kaull "what the record was," and of this ruling appellant complains. We think the ruling was clearly correct. The witness only knew the contents of the card from having recently inspected it. It did not refresh his memory, for, if he ever had any connection with the operation, he had totally forgotten it. The card was not properly authenticated. The witness did not write it or identify the writer or the handwriting. He did not look it over at the time it was made to see if it was a correct statement of what occurred. He could not say what was on the card was what he dictated at the time of the operation or that he actually dictated anything that was on the card. The writer of the record was not produced and asked to verify it as true.

The law with reference to the use of memoranda to refresh the memory of witnesses is very well stated in 28 R. C. L. 594, section 185, as follows:

"The cases in which writings or memoranda may be used by a witness to assist and refresh his memory are to some extent accurately settled, and are confined principally to two cases. One is, where the witness has no independent recollection of the facts or circumstances, and where a consultation of the writing fails to recall a distinct recollection of the circumstances to his memory. In this case, if he testifies that he once knew the facts, and a memorandum of them was made at the time or soon after they transpired, which he knew to be correct, that memorandum may be used to refresh his memory, although he has no present recollection of the events. . . .

XXII Ariz.—29

'Another case where the use of memoranda is always permitted by a witness is where the witness can, after consulting the memorandum, testify to the facts to which it relates from independent recollection.''

Dr. Kaull's testimony clearly did not fall within either of the rules above stated. He had no independent recollection of attending the appellee or of what was done for him, or the character of his injuries. The memorandum which was proposed to be used was not one of his own making, and he could not say whether it was correct or not.

The only other complaint is that the damages awarded appellee are excessive. It is suggested that the jury acted under the influence of passion and prejudice, but there is nothing in the record to sustain this suggestion, unless it be the mere fact of the size of the verdict. The appellee was a miner. He was right-handed, and the injury he received was on his right hand or forearm near the wrist, and consisted of a severing of the nerves and tendons extending from the fingers along the arm. At the time of the trial these tendons had not knitted together, and the fingers of the hand drooped and had limited motion. The right hand and arm was greatly weakened. The injury is of a permanent character. Appellee lost some seven or eight months' time before he could work again, and the evidence shows he suffered considerable pain by reason of the injury. We cannot say, in view of the evidence, that the verdict was so exorbitant as to imply any passion or prejudice. It may seem somewhat high, and more than we would have given ourselves, but the jury are the judges of the facts, and their verdict upon the question of damages is binding, unless it is made very clear that they have exceeded all reasonable bounds.

Appellant also makes the point that appellee was afflicted with a venereal disease, which prevented or retarded the healing processes of nature, and that but for such diseased condition of his body the injury would not have been so serious and his damage much lessened.    The evidence as to whether the appellee was afflicted as contended or not was in sharp conflict, but if it be granted that appellee was diseased, we do not understand that appellant could take advantage of that fact as reducing its liability.    The proximate cause of appellee's damages was not the presence of any bodily disease, but the injury inflicted in severing the tendons of his arm.    That injury would have been the same whether he was sick or well.    If sick, of course the healing processes might have been interfered with, but this would aggravate, rather than lessen, the damages.    8 R. C. L. 436, § 10.

We have concluded that the judgment of the lower court should be affirmed; and it is accordingly so ordered.

BAKER and McALISTER, JJ., concur.