[Civil No. 2384. Filed November 30, 1925.]

[241 Pac. 35.]

# HILLTOP METALS MINING COMPANY, a Corporation, Appellant, v. JOHN B. HALL, Appellee.

1. NEW TRIAL—JUDGMENT OF JURY MUST GOVERN AS TO PROPER COMPENSATION IN PERSONAL INJURY CASES, UNLESS AWARD IS SO DISPROPORTIONATE AS TO JUSTIFY CONCLUSION IT IS RESULT OF PASSION OR PREJUDICE.—Judgment of jury, in personal injury action, as to what is proper and just compensation, must govern, unless award is so disproportionate as to justify conclusion that verdict is result of passion, prejudice or some other improper motive.

2. APPEAL AND ERROR—LAW PRESUMES THAT JURY IS ACTUATED BY PURE MOTIVES, AND WILL NOT INTERPOSE UNTIL VERDICT CARRIES IMPRESS OF BIAS, PASSION OR PREJUDICE.—Law favors presumption that jury is actuated by pure motives, and it is not until its verdict carries with it impress of bias, passion or prejudice that courts feel compelled to interpose.

3. NEW TRIAL—HELD THAT VERDICT FOR $3,000 FOR INJURIES WAS NOT AGAINST WEIGHT OF EVIDENCE, OR RESULT OF PASSION OR PREJUDICE ON PART OF JURY.—In action for injuries received from being struck by hoist while operating same in performance of duty, where uncontradicted evidence showed that plaintiff was young man, enjoying good health, and was severely bruised and left hip and leg were injured, together with permanent injury to ear, *held* that verdict for $3,000 was not against evidence or result of passion or prejudice on part of jury.

See (1) 29 Cyc., p. 844.    (2) 4 C. J., pp. 774, 872.    (3) 17 C. J., p. 1091.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Judgment affirmed.

1.   See 8 R. C. L. 657, 673.

3.   Excessiveness of verdicts in actions for personal injuries other than death, see note in L. R. A. 1915F, 30

Messrs. Knapp, Boyle & Pickett, for Appellant.

Mr. Bruce Stephenson, for Appellee.

GREEN, Superior Judge.—This is an action for damages for personal injuries sustained by plaintiff while in the employ of the defendant. The jury gave the plaintiff damages in the amount of $3,000, for which sum judgment was also rendered, and the defendant appeals from the judgment, and from an order denying a motion for a new trial.

The appellant contends that the damages assessed are excessive, against the clear weight of the evidence, and so obviously disproportionate to the injuries sustained as to warrant the belief that the jury was actuated by passion or prejudice. As to the ground for a new trial, that the verdict is excessive, we need only say, in the language of nearly all the decisions on this point, that there is no rule of law fixing the exact measure of damages in such a case. The rule is that the judgment of the jury as to what is the proper and just compensation in such cases must govern, unless the award is so disproportionate to the injury proved as to justify the conclusion that the verdict is the result of passion, prejudice or some other improper motive. The reports abound with decisions adhering to this rule, and it has been sanctioned by this court in *United Verde Copper Co.* v. *Wiley*, 20 Ariz. 525, 183 Pac. 737; *Ocana* v. *Ray Consolidated Copper Co.*, 22 Ariz. 112, 194 Pac. 959; *Verde Combination Copper Co.* v. *Reito*, 22 Ariz. 445, 198 Pac. 462; *Superior & Pittsburg Copper Co.* v. *Frank Tomich*, 19 Ariz. 182, 165 Pac. 1101, 1185; *Southern Pac. Co.* v. *Tomlinson*, 4 Ariz. 126, 33 Pac. 710; *Lorden* v. *Stapp*, 21 Ariz. 646, 192 Pac. 246.

The reason for holding parties to the damages fixed by the jury in personal injury cases is that in ac-

tions of this character there is no precise rule by which the damages could be measured, and the amount of the recovery must of necessity be left to the sound discretion and judgment of the jury, subject, however, to the rule when it clearly appears to be excessive. To the jury, therefore, is committed the exclusive task of examining the facts and circumstances and valuing the injury and awarding the compensation. The law favors the presumption that they are actuated by pure motives, and it is not until their verdict carries with it the impress of bias, passion or prejudice that courts feel compelled to interpose. The verdict in every case for an injury to the person must depend upon the facts and circumstances in the particular case; the verdict and judgment in no one case being a criterion by which the court and jury are to be controlled in all cases of a similar character.

It appears from the testimony in the case at bar that at the time of the accident the appellee was twenty-one years of age and enjoying good health; that he was employed by appellant as a common laborer in and about its mine; that at the time of the accident appellee was operating a hoist, and while in the performance of this duty the hoist slipped on the foundation and overturned, striking appellee and knocking him to the ground; that shortly after the accident, he was found lying on the ground in a semiconscious condition; that he was cut and bruised about the face and neck, and his left hip and leg were injured; that at the time of the trial, he was slightly lame in this leg, and was unable to hear ordinary conversational tones in his right ear; that he spit blood, and suffered intense pain as the result of these injuries. There was medical testimony to the effect that in all probability he would fully recover from the injury to his hip and leg, but that the injury to the

ear was permanent, with the possibility of it growing worse.

As there were no bones broken, and no external evidence of injury at the time of the trial, it was difficult for the jury to determine the extent of the injuries, and they were of necessity compelled to base their findings upon the undisputed testimony of appellee and that of his medical witnesses. The testimony of appellee and his physicians as to the extent of his injuries is not in conflict with, or contradicted by, any testimony offered on behalf of appellant. The amount of suffering endured and the extent of his injuries were questions of fact about which there was no conflict of evidence, and we are not permitted to say that the jury were not warranted in finding according to the direct testimony of the plaintiff and his two physicians. The learned trial judge, who had before him appellee, and who saw and heard the witnesses, overruled the motion for a new trial, a fact which should, and does, have weight with this court. It may be that the jury were liberal in the amount of damages allowed, but, under the circumstances, we cannot say that the verdict was against the evidence or the result of passion or prejudice on the part of the jury.

The judgment and order appealed from are affirmed.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LOCKWOOD being disqualified, the Honorable E. L. GREEN, Judge of the Superior Court of Pinal County, was called to sit in his stead in the disposition of this case.