·[Civil No. 3547. Filed May 2, 1935.]

[44 Pac. (2d) 155.]

SISTERS OF ST. JOSEPH IN ARIZONA, a Corporation, Appellant, v. ALECK N. EDWARDS, Appellee.

Messrs. Conner & Jones, for Appellant.

Mr. Otto E. Myrland, for Appellee.

LOCKWOOD, C. J.—Aleck N. Ewards, hereinafter called plaintiff, brought suit against Sisters of St. Joseph in Arizona, a corporation, hereinafter called defendant, to recover damages for alleged injuries to his person and to his automobile received in a collision between such automobile and a bus which was being used in the business of defendant. In his complaint plaintiff asked for the sum of $227 for damages to the automobile and loss of the use thereof while it was being repaired, $500 damages for personal injuries, and $25 for medical services necessary as a result of the injury, making a total of $752. The jury at first returned a verdict in favor of plaintiff for the full amount asked for in the complaint, but the court refused to accept such a verdict, holding that there was no evidence which would sustain the plea for damages for loss of the use of the automobile, or injury thereto in the full amount asked by plaintiff, and that the maximum amount permissible

under the evidence for all items of damages, except for the personal injuries, was $121.99. The jury thereupon returned a verdict in the amount of $621.99, the maximum possible under the instructions of the court, and judgment was rendered thereon. After the usual motion for new trial was overruled, this appeal was taken.

There are four assignments of error which we will take up in their order. There is no contention that the evidence was not sufficient to authorize the jury to find a general verdict in favor of plaintiff on account of negligence on the part of defendant's employee, as the result of which the accident occurred, the objections covering only alleged passion and prejudice on the part of the jury, and certain instructions given and refused.

 The first assignment of error is that the amount awarded plaintiff for personal injuries was so excessive and grossly disproportionate to the injuries claimed and proven as to show that the jury was actuated by passion and prejudice rather than by the law and the evidence. The injuries complained of consisted of a cut on the right side of the head, cuts on the left knee and general shock. The evidence, taken in the strongest manner in behalf of plaintiff, as under the law we must take it, shows that he received a rather severe bump and abrasion on his left knee, bruises on his elbow, and a concussion of the head which left a scar and which caused considerable headache for a long period of time. We think the proper rule to apply to this assignment is stated in the case of *Ross* v. *Clark,* 35 Ariz. 60, 274 Pac. 639, 641. Therein the court said:

"We realize that a jury's verdict ought not to be vacated or the amount thereof reduced except for the most cogent reasons. The rule here and elsewhere is that the verdict will be left undisturbed if reasonably

supported by the evidence, when the trial is free from error. There is no absolute fixed legal rule of compensation in actions of this kind, and as a reviewing court we feel we ought not to interfere with the verdict unless it clearly appears that the jury has mistakenly applied the wrong principles in estimating the damages, or was actuated by improper motives or bias indicating passion or prejudice. This is because in actions for personal injuries the law does not attempt to fix precise rules for the measure of the damages, but leaves their assessment to the good sense and unbiased judgment of the jury. . . . ''

In that case the plaintiff Clark was but slightly injured, was not prevented thereby from performing his usual work, and received no professional services on account of his injuries. There was nothing of record to indicate that his injuries were permanent. Under those circumstances we held that $1,000 for actual damages was the maximum permissible. The injuries received by plaintiff in this case, while not severe, were undoubtedly greater than those in the Clark case. We cannot therefore say that the allowance of the sum of $500 as compensation therefor was so excessive as to indicate passion and prejudice on the part of the jury. The first assignment of error is not well taken.

The second assignment is that the court erred in denying the motion for new trial based on the ground of the improper conduct of plaintiff and a juror. It was claimed by defendant, and supported by affidavits on its behalf, that after the case had been submitted to the jury, but before a verdict was reached, a juror named Williams had a conversation of some length with plaintiff, and that the latter was overheard to say to the juror, ''I think I have them where I want them, and it's proof that counts.'' On the hearing of the motion for new trial the juror in question was called to the stand, and testified that he

did have a short conversation with plaintiff at the time referred to in the affidavits in support of the motion for new trial, but that nothing whatever was said about the case to him or in his presence by plaintiff, the conversation being substantially confined to a discussion in regard to the occupation of plaintiff, it appearing from such conversation that both he and the juror were union men and printers. The trial judge heard the juror and considered the affidavits and evidently was convinced that the juror was speaking the truth, and that the case had not been discussed. We are bound by his conclusions upon that point. Indeed, defendant does not urge seriously that this is not true, but contends that the mere fact that plaintiff spoke to a juror and that it appeared through the conversation that they both belonged to the same trade and were union men was of itself prejudicial even though the juror denied that such fact would have any effect upon him. The general rule of law is that brief public and nonprejudicial conversations between jurors and parties will not vitiate the verdict. *Wood* v. *Security Mutual Life Ins. Co.,* 112 Neb. 66, 198 N. W. 573, 34 A. L. R. 712; *Meriwether* v. *Publishers,* 120 Mo. App. 354, 97 S. W. 257; *Kansas City Southern R. Co.* v. *Cockrell,* 169 Ark. 698, 277 S. W. 7. We are of the opinion that a conversation of the nature detailed by the juror is not so prejudicial that it requires a reversal of the case. It is, however, a far better policy for the parties and their attorneys to refrain from conversing with the jurors in a case for any purpose or under any circumstances, except when it is absolutely necessary, and then only with the permission of the court and in a manner so that there can be no doubt as to what is said.

 The third and fourth assignments of error present a more serious question. The complaint alleges personal injuries as follows:

" . . . Personal injury to this plaintiff, consisting of cut on right side of head, cuts on left knee, and shock, which has resulted in plaintiff incurring doctor's bill in the amount of Twenty-five ($25.00) Dollars, and great physical and mental suffering to said plaintiff in the amount. of Five Hundred ($500.00) Dollars."

The nature of these injuries, as stated by plaintiff himself, was as follows:

"Well, my left knee was cut and I had a cut on the head and a few bruises on the elbows. Both elbows were bruised. That is about all. . . . I spit blood at the time, but I found out it was due to bleeding gums more than anything else. . . . I have had some bad headaches since. . . . In my forehead."

A medical witness also testified to substantially the same injuries, but stated that he did not think they were permanent in character, but that so far as the headaches were concerned they might have been caused by the blow on the head received by plaintiff, and when asked how long they might persist said, "No definite time; some of those injuries have been transitory and some give a history of having lasted a long time."

He also stated that if the headaches were the result of a blow, it would be from a clot formation which in due course of time would be absorbed. The trial court gave this instruction:

"You have a right to consider the character of the injuries, the pain and suffering, the effect of the injuries, if any, upon the plaintiff, the permanent character of the injuries, if any, what before the injuries complained of was the health and physical condition of the plaintiff, his physical ability to maintain him-

self before as compared with his condition after-wards."

It was asked by defendant to instruct the jury in the following language, "If you find for the plaintiff, your verdict should award him $111.99, which represents damage to the car, $—— for towage of the car from the scene of the accident, $6.00 for medical expense, and a reasonable sum as compensation for pain and suffering, if you find that he suffered any substantial pain and suffering. The testimony with regard to any permanent injury as evidenced by headaches has not been sufficiently connected with his injuries to warrant your making any allowance on that score," but refused to do so, and did not give any instruction which was, in substance, like that requested by defendant. It is urged that since there was no evidence showing any permanent injury or a loss in earning power, the action of the court was erroneous and calculated to mislead the jury.

While we are reluctant to disturb the verdict of the jury under the evidence in this case, yet we feel that action of the court was certainly erroneous. Instructions should never be given when they do not apply to a theory of the case supported by the pleadings and the evidence. There was no pleading alleging a permanent injury or a loss of earning capacity, nor was there any evidence of such an injury before the jury. The instruction given was of such a nature, however, that the jury might well believe such an issue was in the case. Indeed, the refusal to give the instruction asked by the defendant would indicate that the trial court itself was of the opinion that the issue of permanent injury and loss of earning capacity should under the pleadings and the evidence go to the jury. If the court was thus misled, it is but reasonable to suppose that the jury would also be mistaken and

that the rather large verdict for personal injuries, which under the pleadings could only be given for pain and suffering, was as a matter of fact based to some extent in the minds of the jury on a permanent injury. Because the court erred in giving the instruction above quoted, and refusing to give the one requested by defendant, and because on the whole record we are impressed with the fact that such action was calculated to mislead the jury as to the law of the case, the judgment of the superior court is reversed and the case remanded for a new trial.

McALISTER and ROSS, JJ., concur.