[Civil No. 1770.    Filed November 24, 1920.]

[192 Pac. 246.]

# J. P. LORDEN, Appellant, v. ANDREW STAPP, Appellee.

1. MASTER AND SERVANT—DAMAGES—NEGLIGENCE.—Failure of the defendant to notify the plaintiff, a minor employed by him, of the hazard and danger attending the burning of a pile of manure with distillate, the minor being inexperienced and ignorant of such danger, constituted negligence as a matter of law.

2. APPEAL AND ERROR — INSTRUCTIONS —NEGLIGENCE.— Instructions are to be considered as a whole, and where the instructions embodied the propositions that before plaintiff, a minor, could recover for injuries received through explosion of distillate being used by him to burn a pile of manure, he must have been ignorant of the hazards of the work he was undertaking and must have been inexperienced in the handling and use of distillate and ignorant of its explosive qualities, and that those facts were known or should have been reasonably anticipated by defendant on account of plaintiff's age, and that defendant failed to warn plaintiff of such dangers or to instruct him how to proceed with the work safely, they contained correct statements of the law and error cannot be predicated thereon.

3. APPEAL AND ERROR—DAMAGES—EXCESSIVE VERDICT.—A verdict for $15,000 for injuries sustained by a minor through burns caused by the explosion of distillate being used by him in his employment, where the evidence showed that the injuries would affect his physical development, dwarf his growth, shorten his life and incapacitate him for work, is not excessive.

4. INFANT—INCAPACITY TO SUE—GUARDIAN AD LITEM.—Infants are not incapacitated to maintain an action; paragraph 412, Civil Code of Arizona of 1913, being merely to the effect that while the infant has the capacity to sue, before commencing suit he must have a guardian appointed to answer for costs and properly represent the infant who is deemed to be incapable of taking care of himself, and the omission to appoint a guardian for plaintiff before the commencement of suit is a mere irregularity, not affecting the jurisdiction of the court.

1. Authorities upon the duty of master to warn and instruct infant servant are set out in notes in 3 Ann. Cas. 368; 17 Ann. Cas. 487; Ann. Cas. 1914A, 609.

3. Cases on excessiveness and inadequacy of verdicts in actions for personal injuries not resulting in death, are collected in notes in 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1916B, 364.

5. APPEAL AND ERROR—IRREGULARITY NOT GROUND FOR REVERSAL.—
    Paragraph 423, Civil Code of Arizona of 1913, provides that this
    court shall disregard any error or defect in the proceedings not
    affecting a substantial right of the parties, being intended to put
    a speedy end to litigation when that object can be attained with-
    out injustice, and the bringing of a suit in the name of an infant
    plaintiff and the entering of judgment in the name of such in-
    fant were mere irregularities which this court has power to order
    corrected.

APPEAL from a judgment of the Superior Court
of the County of Yuma.   Fred L. Ingraham, Judge.
Affirmed.

Mr. W. F. Timmons, Mr. Henry C. Kelly and Mr.
O. V. Willson, for Appellant.

Mr. Thomas D. Molloy and Mr. Peter T. Robertson,
for Appellee.

BAKER, J.—This is an action for damages for per-
sonal injuries by a minor against his employer.
Plaintiff recovered a judgment and the defendant ap-
peals.

The complaint proceeds upon the theory that the
relation of master and servant existed between the de-
fendant and the plaintiff and that the defendant was
negligent in putting the plaintiff to work using distil-
late in burning a pile of manure without instructing
or informing the plaintiff as to the proper manner of
handling and using said distillate, an inflammable and
explosive oil, the plaintiff being young and inexpe-
rienced and wholly ignorant of the explosive qualities
of distillate and the dangers incident to handling and
using the same.

Plaintiff, at the time of the accident, was fourteen
(14) years of age.   He had been working on the farm
of defendant for about two (2) months, as a general
farm hand.   On the morning of the accident he was
engaged, with his father, operating a Fresno scraper,

leveling land. The defendant took him away from this work and directed him to burn a pile of manure in a distant part of the field with distillate, and while he was so engaged the can of distillate he was using exploded and he was badly burned. The burning of the manure with distillate was a hazardous and dangerous undertaking and the hazard and danger was well known to the defendant, but the plaintiff was unfamiliar with the use of distillate and was ignorant of the hazard and danger of burning manure with it; he was ignorant of the explosive qualities of the oil. Plaintiff testified that the defendant did not instruct him as to the proper method of using the distillate, nor did the defendant warn him of the dangers or the explosive qualities of the oil.

It is perhaps proper to say that this brief summary presents the evidence in a light most favorable to the plaintiff. Nevertheless, it is a statement borne out by the evidence, and from their verdict it is the view which the jury must have accepted.

Counsel for the defendant states in his brief:

"The issue in this case seems to revolve about one point only, and that is, according to the instructions of the court, that the defendant was liable because he failed to give the boy instructions, and that the plaintiff being a boy, the defendant was bound to give him instructions."

We think counsel for defendant is correct in the view he takes of the principal issue involved, the determination of which is necessarily conclusive of the appeal. Under the circumstances enumerated in the foregoing synopsis of the evidence we think it was the duty of the defendant to inform the plaintiff of the hazard and danger attending the burning of the pile of manure with distillate and of the inflammable and explosive qualities of the oil, and his failure to do so was, as a matter of law, negligence.

In Bailey on Master's Liability for Injuries to Servants, pages 111, 112, the author says:

"If there are any dangers, either latent or patent, of which the master has knowledge, either actual or presumed, which the employee, either from his youth, inexperience, want of skill, or other causes, does not, or is presumed not to, understand or comprehend, they must be made known to him by the master. . . . The obligation is not discharged by informing the servant generally that the service in which he is engaged is dangerous; and, more especially is this so when the servant is a person who neither by experience nor by education has, or would be likely to have, any knowledge of the perils of the business, either latent or patent. In such case the servant should be informed, not only that the service is dangerous, but of the perils of the particular place, and the particular or peculiar dangers that attend the service, if any. . . . So the negligence on the part of the master may consist solely in his failure of duty to instruct as to the perils known to him, or which he ought to know."

The court gave the jury the following instructions:

"It is the duty of one who employs a youthful and inexperienced servant, for a service attended with dangers which are known to the employer, but which are unknown to the servant, to explain to the servant the perils incident to the employment and to instruct him how to avoid them. And if you are satisfied by a preponderance of the evidence that the defendant employed Andrew Stapp, at a service attended with danger known to defendant and which was unknown to the plaintiff, and that the plaintiff was youthful and inexperienced in such employment and the means employed therein and that the defendant failed to explain to plaintiff the perils incident to the employment and to instruct him how to avoid them, then you ought to find for the plaintiff.

"You are instructed that before the plaintiff can recover in this action, you must be satisfied by a preponderance of the evidence that at the time of the accident the plaintiff was inexperienced in the handling and use of distillate and ignorant of its explosive qualities and properties, and that those facts were

known to the defendant or should have been reasonably anticipated by defendant because of plaintiff's age, and that the defendant did not warn the plaintiff of the danger incident to the handling thereof.

"If you believe from all the evidence in this case that the plaintiff is a minor; but that he fully understood and appreciated, immediately prior to the accident, the danger incident to his handling and use of the material called distillate, then no duty was imposed by law upon the defendant, Lorden, to warn him of the dangers connected with the handling and use of distillate."

It is claimed by the defendant, as we understand his brief, that it does not necessarily follow that because appellant failed to warn and advise the plaintiff of the danger attending the burning of the pile of manure with distillate, the defendant was guilty of negligence; that negligence in that regard would depend upon whether the plaintiff knew and appreciated the danger without having it explained to him, and that the court should have embodied this question in the instructions, and not having done so, the instructions as given are erroneous. Of course, if the plaintiff knew and appreciated the danger, the defendant could not be legally held for negligence because of his failure to warn and advise the plaintiff of the danger. This is elementary law. Bailey on Master's Liability for Injuries to Servants, p. 118, and cases cited in note.

It is apparent that the defendant is mistaken in the view he takes of the instructions. The instructions do embody the proposition that before the plaintiff could recover he must have been ignorant of the hazards of the work he was undertaking and of the explosive character of distillate. His knowledge and appreciation of the danger are negatived. In other words, the instructions informed the jury that if plaintiff knew and appreciated the danger, the defendant could not be legally convicted of negligence. It is further

claimed by the defendant that the instructions are faulty in that the proposition that the plaintiff must have been young and inexperienced and ignorant of the explosive qualities of distillate, and that such facts were known to the defendant, is not stated in the instructions. He relies upon the doctrine that to place on the master the obligation to warn and instruct the servant it must appear also that the master knows, or by the exercise of ordinary care would know, that the servant is young or inexperienced. *Wilks* v. *St. Louis etc. R. Co.,* 159 Mo. App. 711, 141 S. W. 910.

One of the instructions, however, very distinctly and emphatically informed the jury that before the plaintiff could recover he must have been "inexperienced in the handling and use of distillate and ignorant of its explosive qualities, and that those facts were known to the defendant or should have been reasonably anticipated by the defendant because of plaintiff's age." Instructions are to be construed as a whole.

We are of the opinion that under the facts and circumstances of this case the instructions given contained correct statements of the law. Plaintiff, at the time he was injured, was but fourteen (14) years of age, and he had had no experience whatever in handling and using distillate. The only reasonable inference permissible under the evidence is that he did not know or appreciate the danger of using distillate in burning up objects on account of his youth and inexperience, and that the defendant well knew these facts when he placed the boy at the work in which he was injured and failed to warn him of the dangers attending the work or to instruct him how to proceed with the work safely.

Other errors in the giving of instructions for the plaintiff and refusing those offered by the defendant are assigned. We have examined these instructions and do not find that the court erred in respect thereto, and since the defendant has conceded that the only

material issue involved is the one embraced in the instructions already discussed, we shall not make any further study of the instructions.

Another assignment of error is based upon the proposition that the verdict is excessive, being in the sum of fifteen thousand dollars ($15,000). We have been unable to discover any evidences of passion and prejudice animating the jury in returning a verdict for this amount. It appears from the testimony that the boy was severely burned, the burns extending practically over the entire front portion of his trunk, from his neck to the lower part of his abdomen and down both legs. For a considerable time there was but little, or no, hope of his recovery. Physicians testified that the effect of the burns would be to affect his physical development, dwarf his growth, shorten his life, render him more susceptible to disease and incapacitate him for work. We would not be justified, under these circumstances, in finding that the verdict was excessive.

Finally, it is claimed by the defendant that the plaintiff, being a minor, was permitted to prosecute the suit in his own name over objection, and that this was error. It is to be conceded that the complaint upon its face shows that plaintiff is a minor. There is no allegation of the appointment of a guardian *ad litem,* and hence it appears that plaintiff was prosecuting the action without a guardian. The defendant filed a special demurrer to the complaint on the ground, and for the reason, "that plaintiff did not have legal capacity to sue." Rev. Stats. Ariz. 1913, par. 468, subd. 2. During the progress of the case the demurrer came on for hearing but counsel for the defendant declined to press his demurrer or call the attention of the trial court to any defect in the complaint, whereupon the court announced that the demurrer would be considered as withdrawn. We may assume that some

valid rule of the court authorized this action. However this may be, it appears from a minute entry that the court subsequently, and before the actual trial of the case was entered upon, appointed one of the attorneys for the plaintiff his guardian *ad litem,* who continued to appear for the plaintiff. But strange to say, no amendment of the complaint was made signifying that the plaintiff was suing by or through such guardian *ad litem.* This was an irregularity, which we think we have the power to direct the lower court to correct. 4 C. J. 1169. Despite this state of affairs the defendant made no further objections to the proceedings and a final judgment was entered in the name of the infant plaintiff. This also was an irregularity which we think we have the power to order corrected. 4 C. J., *supra.*

Strictly speaking, an infant is not incapacitated to maintain an action. The effect of the code provision (par. 412, Rev. Stats. Ariz. 1913) is that while an infant has capacity to sue he must, before commencing his suit, have a guardian appointed who will answer for costs and properly represent the infant, who by reason of his infancy is deemed to be incapable of taking care of himself. But the suit will still be that of the infant. The omission to appoint a guardian for the plaintiff before the commencement of the suit was a mere irregularity. It has been conclusively determined that the failure to appoint a guardian *ad litem* for an infant plaintiff merely affects the regularity of the procedure and not the jurisdiction of the court, and cases are frequent in which such guardians have been appointed *nunc pro tunc* and the complaint amended to correspond. *Arizona Eastern R. R. Co.* v. *Carillo,* 17 Ariz. 115, 149 Pac. 313; *Foley* v. *California Horseshoe Co.,* 115 Cal. 184, 56 Am. St. Rep. 87, 47 Pac. 42; *In re Cahill,* 74 Cal. 52, 15 Pac. 364; *Royal* v. *Grant,* 5 Ga. App. 643, 63 S. E. 708; *Rima* v. *Rossie Iron Works,* 120 N. Y. 433, 24 N. E. 940.

This court is commanded to give judgment on appeal without regard to errors which do not affect the substantial rights of the parties.

"The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." Rev. Stats. Ariz. 1913, par. 423.

The statute was designed to prevent reversals of causes wherein substantial justice has already been done. It was intended to put a speedy end to litigation when that object can be attained without injustice. We are of the opinion that the statute should be enforced in the present case to the fullest extent both in letter and spirit.

The very exhaustive examination of the entire record which we have made in this case satisfies us that we would have been justified in granting plaintiff's motion to strike away the transcript of the shorthand reporter's notes, for the reason that the certificate of the trial judge to the notes was imperfect and defective. In our anxiety to decide the case upon the merits we probably erred in that respect to the advantage of the defendant. What we now desire to say is that the manner or method of certifying the transcript of the evidence exercised in this case does not, after more mature deliberation, meet our approval. Our action in the premises will not, therefore, be accepted as a precedent in the future.

The judgment will be affirmed, with instructions to the lower court to make, or cause to be made, an amendment to the complaint, of date July 19, 1918, alleging the prosecution of the suit by the plaintiff through his guardian *ad litem*. The final judgment will also be reconstructed to conform to such amendment as of the date the judgment was formerly entered.

CUNNINGHAM, C. J., and ROSS, J., concur.