NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

PEORIA 44 L.L.C., an Arizona limited liability company, *Plaintiff/Appellee*,

*v.*

MARIA G. EDWARDS, individually and as Trustee of the LEROY M.
EDWARDS AND MARIA G. EDWARDS REVOCABLE LIVING TRUST;
BALJIT S. RAI and GULNAR B. RAI, husband and wife,
*Defendants/Appellants*.

No. 1 CA-CV 13-0567

FILED 8-25-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2011-006641
The Honorable Arthur T. Anderson, Judge

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED**

---

COUNSEL

Copeland Law Offices, Glendale
By Kirsten Copeland
*Counsel for Defendants/Appellants*

Gilbert Bird Law Firm, PC, Scottsdale
By Ryan J. Bird
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

**G E M M I L L**, Judge:

¶1        Defendants Maria G. Edwards, individually and as Trustee of the LeRoy M. Edwards and Maria G. Edwards Revocable Living Trust, and Baljit S. and Gulnar B. Rai (collectively "defendants") appeal the trial court's decision granting summary judgment to plaintiff/appellee Peoria 44, L.L.C.  The trial court granted summary judgment on Peoria 44's breach of contract claim for unpaid rent after a successor sublessee of defendants defaulted on a lease.  Because this court finds that Peoria 44 failed to meet its initial burden of production in its motion for summary judgment, we reverse and remand for further proceedings.  We, however, conclude that partial summary judgment was appropriate regarding the mitigation and duress defenses, and we therefore affirm partial summary judgment in favor of Peoria 44 on those two issues.

## FACTS AND PROCEDURAL HISTORY

¶2        On July 10, 1998, defendants' predecessor in interest, Small Wonders Preschool and Daycare Inc. ("Small Wonders"), entered into a commercial lease agreement with Peoria 44's predecessor in interest for certain premises in Glendale, Arizona.  Over the next ten years, seven addendums to the lease were executed, one of which extended the lease term to August 2011 and five of which involved transferring the tenancy to successive subtenants.  Annette and Kenneth Schlenz were Subtenant 1, Baljit and Gulnar Rai were Subtenant 2, Maria Edwards, individually and as Trustee of the LeRoy M. Edwards and Maria G. Edwards Revocable Living Trust was Subtenant 3, Iris and Lonnie Sullivan were Subtenant 4, and William and Michelle Mahoney were Subtenant 5.  In the addendums transferring subtenancy, each subtenant agreed "to assume and be bound by all the terms of the Lease" and each prior subtenant "acknowledge[d] that they shall remain liable under the Lease in the event of a default under the lease."  The addendums further stated that "[a]ll other terms and conditions of the Lease shall remain intact."

¶3      The lease provided in relevant part:

> 12.3  SUCCESSORS AND ASSIGNS.
> All rights, obligations and liabilities herein, given to, or imposed upon, the respective parties hereto shall extend to and bind the several and respective heirs . . . successors, sublessees, and assigns of said parties . . . .

Paragraph 11.1 of the lease identified "Events of Default" as including:

> (2)     Failure of Tenant to pay when due any installment of rent hereunder or any other sum herein required to be paid by Tenant, and the continuance of such nonpayment for five (5) days after written notice from Landlord.
>
> (3)     Abandonment or misuse of the leased premises by Tenant.
>
> (4)     Tenant's failure to perform any other covenant or condition of this lease within twenty (20) days after written notice and demand.

Among the remedies afforded the landlord upon an event of default under the lease was the right to re-enter and to take possession of the premises.

¶4      Peoria 44 sent a letter dated January 19, 2011, to Subtenants 2 through 5,[1] claiming the Subtenants had abandoned the premises on or about November 22, 2010 and notifying them that it had terminated the lease and re-taken possession of the premises in accordance with the lease and Arizona Revised Statutes ("A.R.S.") § 33-361(A). Peoria 44 noted that under paragraph 11.2(5) of the lease, the remaining rental balance was accelerated and it had seized the personal property on the premises subject to sale. Peoria 44 demanded payment of $67,400.40, reserving the right to take legal action should the amount not be paid.

¶5      In a March 11, 2011 letter, Peoria 44 notified the subtenants that it would sell the seized personal property at public auction on March

---

[1] The letter was not addressed to and did not mention Subtenant 1 or the original tenant.

24, 2011, if the amount due was not paid.  The personal property was sold on that date.

**¶6**          A few days before Peoria 44 notified the subtenants it would sell the seized property at public auction, it entered into a lease of the premises with Brightside Academy ("Brightside").  Under the lease, the new tenant's lease term and its obligation to pay rent began on the earliest of the following events: receipt of its license to operate at the premises; when it opened for business; or on June 1, 2011.  Mark Rein, a member of Peoria 44, avowed that the obligation to pay rent began on August 1.

**¶7**          Peoria 44 sued all of the subtenants and Small Wonders (collectively, "subtenants") in May 2011.  Peoria 44 alleged the subtenants failed to pay the rent owed and sought the outstanding rent due plus other charges for occupancy of the premises, interest, and attorney fees.

**¶8**          In answering the complaint, the Rais alleged twenty-seven affirmative defenses in addition to those set forth in Rules 8(c) and 12, Arizona Rules of Civil Procedure.  The defenses listed included failure to mitigate damages, accord and satisfaction, failure to join all persons needed, abatement, novation, and conditions precedent.

**¶9**          Edwards alleged eight affirmative defenses, including lack of capacity to contract and the affirmative defenses of Rule 8(c).  Edwards argued that, due to a recent eye surgery, she was physically unable to read or comprehend the lease addendum.  Edwards also argued that she was pressured into signing the addendum when she was informed that failure to do so would result in her continued liability on the lease and in preventing any further payments to her in connection with the sale of Small Wonders.  She also asserted that Peoria 44's claims were barred for failure to perform a condition precedent, specifically alleging that she had retained the right of re-entry under the lease and therefore had the right to mitigate damages through re-leasing the leasehold interest.  She further alleged that Peoria 44 deprived her of those rights by failing to provide prompt notice of default and failing to allow her to repossess and re-lease the premises.

**¶10**          Peoria 44 moved for summary judgment.  It asserted the subtenants defaulted on their obligations in August 2010 and that they breached the lease by failing to pay the past rent owed to Peoria 44.  It further asserted that it marketed the premises after taking possession on January 19, 2011, and re-let the premises in March 2011, with the first rent payment due August 2011.  The motion was supported by a declaration of

Mark Rein, copies of the original lease and addendums, the January 19, 2011 and March 11, 2011 letters, the new tenant's lease, an invoice for repairs to the premises, and a balance sheet showing rent payments on the premises. Peoria 44 also listed specific damages owed for the principal balance, interest, and attorney fees.

¶11        Edwards responded that Peoria 44 had not produced any documentary evidence regarding the nature of the default on the lease, the efforts made to re-lease the premises, or the circumstances surrounding the re-lease of the premises to Brightside. Edwards also argued that Peoria 44 was required in its motion for summary judgment to address the defenses she asserted and had failed to do so. Among the defenses Edwards contended Peoria 44 failed to address were the lack of capacity defense, the failure to mitigate defense, the right of re-entry defense, and breach of the implied covenant of good faith and fair dealing. Edwards supported her arguments with copies of her October 3 and 31, 2012 disclosure statements articulating these defenses, copies of her medical records, and a copy of findings from a May 4, 2011 inspection of "Brightsky Academy" at the premises address. She also supplied a declaration by Annette Schlenz in support of these assertions. Schlenz attested that on March 15, 2011, she had offered to take over the lease, but that Mark Rein refused her offer and told her he already had a new tenant.

¶12        The Rais similarly asserted that Peoria 44 failed to address the affirmative defenses as required, and as a result, it was not entitled to summary judgment. They also argued that summary judgment was inappropriate because Peoria 44 failed to give notice of default, failed to mitigate its damages by not accepting the proffered cure of default by either the Rais or Schlenzes, and had not complied with the statutory procedure for sale of the property seized under its landlord's lien. The Rais supported their arguments with their own declarations as well as the Schlenz declaration.

¶13        In replying to the Rais, Edwards, and the Schlenzes (who had joined in their co-subtenants' responses), Peoria 44 argued that the subtenants failed to produce evidence contradicting the summary judgment motion and demonstrating the existence of a triable issue. Peoria 44 asserted that when it learned the last subtenant abandoned the premises in January 2011, it had the right to repossess the premises with no notice required. It further argued that the subtenants had not met their burden to show a failure to mitigate and asserted that it had no obligation to allow the subtenants to re-access the premises. It also contended that Edwards had

not submitted any sworn testimony to support the claim of lack of capacity. Peoria 44 denied that Edwards signed the pertinent documents under duress and submitted a supplemental affidavit from Mark Rein avowing that he had no specific knowledge of any health issues affecting Edwards and that the business broker Edwards spoke with did not work on behalf of Peoria 44. He further stated that he had contacted the Rais, Schlenzes, and Edwards by telephone to ask if they wanted to take over the business, but they refused to cure the past due amounts.

¶14        The trial court found that no disputed issues of material fact existed and granted Peoria 44's motion. The court entered judgment against Small Wonders, Maria Edwards individually and as Trustee of the Leroy M. Edwards and Maria G. Edwards Revocable Living Trust, the Rais, and the Schlenzes[2] for $66,238.77, prejudgment interest of $19,566.75, costs of $1,761.51, and attorneys' fees of $19,472. Edwards and the Rais timely appealed. This court has jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶15        Appellants, the Rais and Edwards, argue that Peoria 44 was not entitled to summary judgment because it failed to demonstrate in its motion that the subtenants had no evidence to support their affirmative defenses. We agree, except with regard to the defenses of failure to mitigate and duress.

¶16        Summary judgment may be granted when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court determines de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Eller Media Co. v. City of Tucson*, 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App. 2000). We view the facts and the inferences to be drawn from those facts in the light most favorable to the party against whom judgment was entered. *Scalia v. Green*, 229 Ariz. 100, 102, ¶ 6, 271 P.3d 479, 481 (App. 2011).

¶17        To obtain summary judgment, the moving party must come forward with evidence demonstrating the absence of any genuine issue of material fact and that it is entitled to judgment. *Nat'l Bank of Arizona v. Thruston*, 218 Ariz. 112, 115, ¶ 14, 180 P.3d 977, 980 (App. 2008). The moving

---

[2] Iris Sullivan was never served, Lonnie Sullivan had been dismissed from the action, and the Mahoneys were discharged in bankruptcy.

party has the burden of "demonstrating the absence of a genuine issue of material fact as to each element of its claim and each defense." *Vig v. Nix Project II P'ship*, 221 Ariz. 393, 396, ¶ 11, 212 P.3d 85, 88 (App. 2009). When the non-moving party would have the burden of proof on a claim or defense at trial, the moving party must "point out by specific reference to the relevant discovery" that evidence does not exist to support that claim or defense. *Thruston*, 218 Ariz. at 117, ¶ 22, 180 P.3d at 982. The moving party need not disprove the non-moving party's claim or defense, but must do more than make unsupported assertions that the nonmoving party cannot meet its burden of proof at trial; conclusory statements are insufficient. *Id.* at 117–18, ¶¶ 22–23; 180 P.3d at 982–83.

**¶18**      Demonstrating that the non-moving party lacks evidence to meet its burden of proof at trial is part of the moving party's burden of establishing entitlement to judgment. *Id.* at 119, ¶ 26, 180 P.3d at 984. Until the moving party establishes it is entitled to judgment, the non-moving party has no duty to come forward with evidence to show the existence of disputed issues of material fact. *Id.* at 119, ¶ 28, 180 P.3d at 984; *Flynn v. Lindenfield*, 6 Ariz. App. 459, 461, 433 P.2d 639, 641 (1967). The moving party, however, bears the burden of persuading the court that it is entitled to summary judgment, and that burden never shifts to the non-moving party. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 17, 292 P.3d 195, 199 (App. 2012); *Thruston*, 218 Ariz. at 115, ¶ 15, 180 P.3d at 980.

## I.      Failure to Mitigate

**¶19**      Defendants argued as a defense that Peoria 44 failed to mitigate damages. In its motion for summary judgment, however, Peoria 44 argued that it undertook meaningful efforts to mitigate its damages. Peoria 44 stated that it immediately began marketing the premises upon taking possession. In support of this statement, Peoria 44 provided the affidavit of Mark Rein, in which he avowed that "[a]fter taking possession of the Premises, the Plaintiff immediately began marketing the Premises for re-letting." Rein further stated that the premises were re-let and the new lessor's rental obligation began in August 2011. Therefore, Peoria 44 met its initial burden of production, and the defendants were required to "come forward with any evidence" to show the existence of disputed issues of material fact related to the mitigation defense. *Thruston*, 218 Ariz. at 119, ¶ 28, 180 P.3d at 984. Because the defendants offered no evidence that Peoria 44's efforts to mitigate were inadequate or insufficient, they did not meet their burden of establishing a triable issue of fact. We therefore conclude

the trial court ruled correctly regarding the defendants' mitigation defenses.

## II.   Duress

**¶20**      We also agree with the trial court's ruling regarding Edwards' duress defense.  Edwards' grounds for asserting duress were that she was told she would not receive payments and that she would continue to be liable for the lease if she did not sign the addendum.  Peoria 44 argued in its reply to the trial court that notifying a previous subtenant that she will remain obligated under these assignment agreements is not a wrongful act constituting duress.  Peoria 44 further asserted that, under the facts presented and pursuant to *Dunbar v. Dunbar*, Edwards cannot prevail on the duress defense because it did not act wrongfully when Edwards ratified the lease addendums and the assignments.  102 Ariz. 352, 355–56, 429 P.2d 949, 952–53 (1967) (noting that the "test of what act or threat constitutes duress is determined by considering whether the threat placed the party entering into the transaction in such fear as to preclude the exercise by him of free will and judgment").

**¶21**      We conclude Edwards cannot prevail on the substantive legal principles of duress. As noted in *Thruston,* it is possible for a movant to prevail on a motion for summary judgment by accepting the facts alleged by the non-moving party and showing they are insufficient to support the non-moving party's defense.  218 Ariz. at 118, n.8, ¶ 24, 180 P.3 at 983, n.8.  Accepting as true the facts alleged by Edwards, we agree with the trial court that the duress defense fails as a matter of law.  Edwards did not establish that Peoria 44 acted wrongfully to induce her to sign the lease addendums and assignments.  *See Dunbar*, 102 Ariz. at 356, 429 P.2d at 953 ("By definition, an act or threat to constitute duress must be 'wrongful.'").  Peoria 44 adequately met its burden of persuasion on this issue by asserting that, even assuming the facts asserted by Edwards, such facts do not, as a matter of law, constitute the required wrongful conduct.  *See Thruston*, 218 Ariz. at 117–18, ¶¶ 22–23; 180 P.3d at 982–83.

## III.   Remaining Defenses

**¶22**      Peoria 44 did not, however, meet its burden of production on the defendants' remaining affirmative defenses.  In its reply supporting the motion, Peoria 44 did not substantively address the defenses raised by the Rais and Edwards in their responses, but instead asserted that the defendants' arguments lacked merit and the Rais and Edwards failed to

meet their burden to produce evidence demonstrating the existence of a material fact.[3] However, until Peoria 44 met its initial burden of production, the Rais and Edwards were not required to come forward with evidence showing the existence of a disputed issue of material fact. *Thruston*, 218 Ariz. at 119, ¶ 28, 180 P.3d at 984. Because Peoria 44 did not assert that the defendants lacked evidence to support their defenses and did not address in its motion any other issues raised by defendants as affirmative defenses, Peoria 44 did not meet its burden of production. *See id.* at 117, ¶ 22, 180 P.3d at 982.

¶23 On appeal, despite citing *Thruston*, Peoria 44 continues to assert that the Rais and Edwards bore the burden of proof on their affirmative defenses when answering the motion. *Thruston* itself, however, explains a moving party's obligation to "point out by specific reference" the absence of evidence supporting the non-moving party's affirmative defenses. *See id.* at 117, ¶ 22, 180 P.3d at 982. The burden in this case never shifted to the defendants because Peoria 44 never met its initial burden of production, except regarding the defenses of mitigation and duress. Peoria 44 was not entitled to summary judgment because it ignored a majority of the defendants' affirmative defenses and, as a result, did not meet its initial burden to establish entitlement to judgment. *See id.* at 119, ¶ 29, 180 P.3d at 984.

¶24 This court must therefore reverse the trial court's ruling, except in regard to the mitigation and duress defenses, and remand for further proceedings.

## IV.    Attorney Fees and Costs

¶25 The parties seek attorney fees and costs on appeal pursuant to A.R.S. §§ 12-341 and § 12-341.01. Defendants also seek fees under the lease. As the successful parties on appeal, the Rais and Edwards are awarded their costs on appeal. A.R.S. § 12-341. Section 12-341.01, A.R.S., permits a discretionary award of attorney fees to the successful party in a contested action arising out of contract. Paragraph 12.5 of the lease

---

[3] Attached to Peoria 44's reply was an affidavit by Mark Rein, who made certain avowals in support of Peoria 44's argument against the affirmative defenses. Presenting new arguments and new evidence in the reply in an attempt to remedy a failure in the motion is ineffective. *Allen*, 231 Ariz. at 214, n.3, ¶ 20, 292 P.3d at 200, n.3. This reply was not, therefore, adequate to satisfy Edwards' burden of production.

provides for an award of reasonable attorney fees to the prevailing party. Because we reverse in part the trial court's judgment and remand for further proceedings, it is premature to decide which party or parties are "successful" or "prevailing" in this action. We therefore decline the requests for attorney fees. But we authorize the trial court, at the conclusion of the trial court proceedings, to exercise its discretion to consider whether to award attorney fees for this appeal to the ultimately successful or prevailing party or parties.

## CONCLUSION

¶26 Peoria 44 failed to meet its initial burden of production in its motion for summary judgment because it failed to address most of the Rais and Edwards affirmative defenses. We therefore reverse the summary judgment and remand for further proceedings, with the exception that we affirm partial summary judgment in favor of Peoria 44 regarding the defenses of mitigation of damages and duress.



Ruth A. Willingham · Clerk of the Court
FILED: ama